IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TERRY LYNN BARBER                                                      PLAINTIFF

v.                                                            No. 3:23CV479-SA-JMV

STATE OF MISSISSIPPI, ET AL.                                          DEFENDANTS

**ORDER *DENYING* PLAINTIFF'S MOTION [19]**
**FOR RELIEF FROM JUDGMENT OR ORDER**
**UNDER FED. R. CIV. P. 60(B)**

This matter comes before the court on the *pro se* prisoner plaintiff's February 17, 2026, motion [19] for reconsideration of the court's final judgment [16] granting the plaintiff's February 11, 2025, motion [14] for voluntary dismissal under Fed. R. Civ. P. 41(1)(A)(i). The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. *Id.*

The plaintiff has, however, filed a notice of appeal [18], which divests this court of jurisdiction. *Moore v. Tangipahoa Parish Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016) (per curiam) ("A timely notice of appeal divests the district court's jurisdiction....") (citing *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010)). "Because an appeal has been docketed and is pending, the court lacks the authority to grant the requested relief except as allowed under Rule 62.1 of the Federal Rules of Civil Procedure," which "allows the court to:

'(1) defer consider the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *See Gilart v. S. Glazer's Wine & Spirits of Tex., LLC*, No. CV 21-2357, 2023 WL 5108652, at *1 (S.D. Tex. July 6, 2023) (quoting Fed. R. Civ. P. 62.1(a)). The instant motion will be denied for want of jurisdiction, and in any event, as discussed below, the court would deny the motion on the merits if jurisdiction were proper.

**The Court Would Deny the Instant Motion If Vested With Jurisdiction**

The plaintiff argues in the instant motion [19] that he sought in his motion [14] to voluntarily dismiss another case, *Barber v. State of Mississippi*, 3:24CV157-DMB-JMV – not the instant one. However, in the motion [14] to voluntarily dismiss, he identified number 3:23CV479-SA-JMV (the instant case) in the heading – and, in the last sentence of his motion, he stated, "I, inmate Terry Lynn Barber #14169 respectfully request said U.S. District Court of Mississippi to dismiss civil suit[] – case No. 3:23CV479-SA-JMV" – also the instant case. Doc. 14, p. 4. His request to dismiss the instant civil suit was clear and unequivocal.

In addition, the facts set forth in his motion [14] for voluntary dismissal involve the same allegations described in his complaint [1] in this case – allegations involving revocation of post-release supervision and purported deficiencies in the Public Defenders Office and the proceedings in his criminal case. Again, Barber clearly requested voluntary dismissal of the instant case.

The posture of the case also tends to show that Barber wished to dismiss this case. He filed his motion [14] for voluntary dismissal just after the court entered an order [13] for him to show cause why the instant case should not be dismissed under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) – because a victory in the instant

- 2 -

case would necessarily call into question the lawfulness of his revocation and sentence. *See Waller v. Collier*, 297 F. App'x 326, 327 (5th Cir. 2008) (citing *McGrew v. Tex. Bd. of Pardons & Parole*s, 47 F.3d 158, 161 (5th Cir. 1995)) (applying holding in *Heck* to revocation proceedings).

Indeed, the court identified two other reasons calling into question the viability of the instant case: (1) Requests for release from incarceration (as in the present case) are only viable through *habeas corpus* proceedings (citing *Heck* and its progeny); and (2) Parole revocation in Mississippi is not a cognizable claim under 42 U.S.C. § 1983 (citing *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984)) (discretionary nature of Mississippi parole statutes precludes due process challenge). The plaintiff seems to have recognized the tenuous nature of his claims and decided to voluntarily dismiss them rather than risk accruing a "strike" under the PLRA for proceeding with allegations that fail to state a valid claim.

In sum, the plaintiff clearly sought to voluntarily dismiss the instant case; the court granted that motion, and his present request to revive the case more than a year later will be denied. He has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60. In addition, the plaintiff has not presented "any other reason justifying relief from the operation" of the judgment. As such, the court would deny the plaintiff's request for relief from judgment or order under Fed. R. Civ. P. 60(b).

**The Instant Motion for Relief from Judgment or Order
Will Be Denied Under Fed. R. Civ. P. 62.1(a)(2)**

As the instant case is currently on appeal, this court does not possess jurisdiction to address

it, and the instant motion for relief from judgment is **DENIED** under Fed. R. Civ. P. 62.1(a)(2).

**SO ORDERED**, this, the 1st day of May, 2026.

/s/ Sharion Aycock
SENIOR U.S. DISTRICT JUDGE

- 4 -